The H. H. Miller Industries Co. *v.* Roman et al.

(Decided March 10, 1930.)

*Mr. A. R. Edgerton* and *Mr. Price Janson,* for plaintiff.

*Mr. Melville W. Vickery,* for defendants.

Williams, J.  This cause comes into this court on appeal from the court of common pleas, and is an action for specific performance of a contract to transfer and assign letters patent, and rights accruing thereunder, in consideration of stock in a corporation.

B. L. Roman was a cooper by trade, and accustomed, in his employment, to repair wooden tubs used for the shipment of ice cream.  It was found that in handling these tubs the lower ends of the staves, on which the tub rested, were frequently

broken off, so as to require repairs. Roman conceived the idea of placing on the lower end of the tub a hoop which would extend partly over and across the bottom and prevent the breaking of the staves. Having perfected his invention with the co-operation of one John Schubach, president of the Sanitary Milk Company of Canton, Ohio, Roman entered into a contract with one J. D. Parker of Canton, Ohio, by which it was agreed that Parker should organize a corporation to be known as the B. L. Roman Manufacturing Company, for the manufacture of this hoop arrangement, with a capitalization of $25,000, all common stock. The contract provided for disposition and sale of the stock, the details of which we do not deem it necessary to recite. Among other provisions in the contract was one which provided in substance that after incorporation and organization of the company there should be issued to Roman by said company fifty shares of its fully paid and nonassessable capital stock, and that at the time of the issuance thereof Roman should assign and transfer to the company all his right, title, and interest in and to letters patent covering the hoop arrangement in question, and all his rights under a pending application for an improvement of the patent.

The new company was organized and did business for a time, but in the meantime it had become customary to ship ice cream in sacks which had a felt lining and were provided with a gusset top and metal bottom, and due to this change in method the demand for the tubs fell off, and, while the new company manufactured some tubs and put salesmen on the road, the business was unprofitable and the company

was soon confronted with debts amounting to about $9,000. In an endeavor to get out of debt the company sold all its assets, including its rights under the contract, to the H. H. Miller Industries Company, for the sum of $7,000. This sale was approved by the directors and stockholders at meetings regularly called for that purpose. The H. H. Miller Industries Company was engaged in the manufacture of dairy and ice cream machinery, and undertook to make a few of the hoops, but soon found out that there was little hope of success in the manufacture of them. In the meantime Roman, through his attorney, made a demand of the H. H. Miller Industries Company that it account to him for infringement of patent. It appears by the greater weight of the evidence that the B. L. Roman Manufacturing Company had frequently demanded that Roman transfer to it the patent in question, and had offered to issue to him the fifty shares of stock in accordance with the original contract, but that Roman had failed and neglected to make the transfer and assignment of the letters patent. The B. L. Roman Manufacturing Company is defunct, is no longer in existence, and the fifty shares of stock cannot be issued, and, if they could, they would be absolutely worthless.

The contention of counsel for the defendant Roman is that the B. L. Roman Manufacturing Company could not legally issue the stock to Roman in exchange for his patent, and that therefore that company could not compel Roman to specifically perform the contract, and if not, then the H. H. Miller Industries Company, as purchaser of all the assets of the B. L. Roman Manufacturing Company, could not bring an action for specific per-

formance. The contention of counsel is not, in our judgment, well-founded. On January 13, 1927, the president and secretary of the B. L. Roman Manufacturing Company made an affidavit under the provisions of the Blue Sky Law (Section 6373-1 *et seq.*, General Code), in which it was stated that the company was about to dispose of $25,000 in common stock, and that "no part of the issue of which this $25,000 is a part, is issued directly or indirectly in payment for patents." Under the terms of the Blue Sky Law the provision of the contract, relating to the exchange of letters patent for stock, was not void. *Warren People's Market Co.* v. *Corbett & Sons,* 114 Ohio St., 126, 151 N. E., 51. A tender of the fifty shares of stock of the B. L. Roman Manufacturing Company cannot now be made because that company has gone out of existence, and if it were in existence, a tender of worthless stock would be a vain thing, which the law does not require. This court finds that that company was willing, ready, and able to transfer the fifty shares of its stock, and frequently offered so to do; that the defendant Roman was in the wrong in failing to transfer and assign the patent right in accordance with the contract; and that the plaintiff in this case, when it acquired all the assets of the defendant company, acquired title to the patent right in question and is entitled to specific performance of the contract in equity and good conscience.

Specific performance will therefore be decreed as prayed for.

*Decree for plaintiff.*

RICHARDS, J., concurs.

Judges WILLIAMS and RICHARDS, of the Sixth Appellate District, sitting by designation in the Eighth Appellate District.